IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON FAULK AND DEBBIE PEOPLES, ADMINISTRATORS OF THE ESTATE OF NORA A. JONES, | * * * * | |
| Plaintiffs, | * | |
| vs. | * * * | No. 4:10cv0397 SWW |
| TRAVIS M. SWAN; JOHN DOE, | * * * | |
| Defendants. | * | |

## ORDER OF REMAND

On April 23, 2010, plaintiffs filed a civil action seeking damages for injuries received in a motor vehicle collision. Plaintiffs' action was originally filed in the Circuit Court of Conway County, Arkansas, but on May 13, 2010, defendants removed the action to this Court.

Now before the Court is plaintiffs' motion to remand [doc.#5]. Defendants have not responded to plaintiffs' motion and the time for doing so has passed. Having considered the matter, the Court grants plaintiffs' motion to remand.

District courts have original subject matter jurisdiction over those cases "arising under the Constitution, laws, or treaties of the United States," and over those cases involving citizens of different states when the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Defendants may remove civil actions to federal court only if the claims could have been originally filed in federal court. *Central Iowa Power Co-op. v. Midwest Independent Transmission Sys. Op., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing 28 U.S.C. § 1441(b); *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir.2000)). Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction. *Id.* (citing *Green v. Ameritrade,*

*Inc.,* 279 F.3d 590, 596 (8th Cir.2002)).  All doubts about federal jurisdiction must be resolved in favor of remand.  *Id*. (citing *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir.2007)).

Here, defendants are seeking to remove plaintiffs' action on the basis of diversity jurisdiction, including that the amount in controversy exceeds $75,000.  However, plaintiffs affirmatively state that the amount necessary to compensate them is less than $75,000 and there is no argument to the contrary from defendants, there being no response to plaintiffs' motion to remand.  Defendants, thus, have not met their burden of establishing federal subject matter jurisdiction and this action must accordingly be remanded to the state court from which it was removed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 15th day of June 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE