IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON FAULK AND DEBBIE PEOPLES, ADMINISTRATORS OF THE ESTATE OF NORA A. JONES, | * * * * | |
| Plaintiffs, | * * * | |
| vs. | * * * * * | No. 4:10cv0397 SWW |
| TRAVIS M. SWAN; JOHN DOE, | * * * | |
| Defendants. | * | |

ORDER

On April 23, 2010, plaintiffs filed a civil action seeking damages for injuries received in a motor vehicle collision. Plaintiffs' action was originally filed in the Circuit Court of Conway County, Arkansas, but on May 13, 2010, defendants removed the action to this Court. Plaintiffs subsequently filed a motion to remand, arguing that the amount in controversy did not exceed that required for diversity jurisdiction. By Order entered June 16, 2010 [doc.#7], this Court, noting that no response to the motion to remand had been filed, determined that defendants have not met their burden of establishing federal subject matter jurisdiction and that this action must accordingly be remanded to the state court from which it was removed for lack of subject matter jurisdiction.[1] The Clerk thereupon remanded this action to the Circuit Court of Conway County,

---

[1] The party seeking removal has the burden to establish federal subject matter jurisdiction. *Central Iowa Power Co-op. v. Midwest Independent Transmission Sys. Op., Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing *Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002)). All doubts about federal jurisdiction must be resolved in favor of remand. *Id.* (citing *Dahl v. R.J.*

Arkansas.  *See* Certified Letter remanding case to Conway County Circuit Court [doc.#8].

The matter is now before the Court on motion of defendants for reconsideration [doc.#9].  Defendants state that their failure to respond to plaintiffs' motion for remand was due to "an internal error" and certain "omissions."  Defendants have submitted their response to plaintiffs' motion to remand that they state was prepared before their response was due and ask that they be allowed to file their response and that the Court reconsider its ruling remanding this action to state court.  Plaintiffs oppose defendants' motion to reconsider.

If it could, the Court would grant defendants' motion to reconsider and allow defendants to file their response to plaintiffs' motion to remand so that a ruling on the merits of plaintiffs' motion could be made.  The Court is unable to do so, however, as the Court lacks jurisdiction to grant defendants' motion.  Specifically, under 28 U.S.C. § 1447(d), an order remanding a case for lack of subject matter jurisdiction is unreviewable on appeal "or otherwise," *see, e.g., New Century Health Quality Alliance, Inc. v. Blue Cross and Blue Shield of Kansas City, Inc.*, No. 05-0555-CV-W-SOW, 2005 WL 2319845, at *1-2 (W.D.Mo. Sept. 20, 2005) (the language "on appeal or otherwise" precludes further review by the district court following the district court's determination that the case be remanded to state court), and under § 1447(c), once a certified copy of the order of remand is mailed by the Clerk, as was done here, the state court, not the federal court, has jurisdiction and "may thereupon proceed with such case."  *See, e.g., In re Fort Dodge Creamery Co.,* 117 B.R. 438, 443 (N.D.Iowa 1990) (it is widely held that once a federal district court mails a certified copy of an order remanding a case to a state court, the federal court is completely divested of jurisdiction over the matters remanded).  There being no

---

*Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir.2007)).

jurisdiction, the Court must deny defendants' motion for reconsideration.

IT IS SO ORDERED this 28th day of June 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE